IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HALEY IP LLC, | § | |
| Plaintiff, | § | |
| vs. | § | Civil Action No. 2:22-cv-00230-JRG-RSP |
| BRIDGESTONE AMERICAS, INC., d/b/a AZUGA, INC. | § | |
| Defendant. | § | |

**DEFENDANT AZUGA, INC.'S**
**12(b)(3) MOTION TO DISMISS OR TRANSFER VENUE**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Pursuant to Rules 12(b)(5) and 12(b)(3) of the Federal Rules of Civil Procedure, Defendant Azuga, Inc., improperly named as Bridgestone Americas, Inc. d/b/a Azuga, Inc., requests dismissal of this action for insufficient service of process and improper venue.

**I.**
**NATURE OF THE ACTION**

This lawsuit involves one claim for patent infringement by Plaintiff Haley IP LLC ("Haley") against two separate entities improperly named as one in the complaint, Bridgestone Americas, Inc. ("Bridgestone") and Azuga, Inc. ("Azuga"). Plaintiff asserts that Azuga's products, camera systems for monitoring a driver, infringed U.S. Patent No. 10,204,261 (the "261 Patent" or the "Patent-in-Suit"), which it claims relates to a "novel and improved camera system and associated methods for monitoring a driver of a vehicle."[1] Azuga denies these allegations.

---
[1] [Doc. 1], Complaint, ¶¶ 6-10.

## II.
### STATEMENT OF THE ISSUES TO BE DECIDED BY THE COURT

Azuga respectfully requests dismissal under Rules 12(b)(5) and 12(b)(3), which requires the Court to resolve the following two questions:

First, is service of process on Bridgestone ineffective to serve Azuga under Federal Rule of Civil Procedure 12(b)(5)?

Second, and in the alternative, is the Eastern District of Texas an improper venue under 28 U.S.C. § 1400(b)?

## III.
### MOTION TO DISMISS FOR INEFFECTIVE SERVICE OF PROCESS (RULE 12(b)(5))

**A.** **Legal Standard**

"A motion to dismiss pursuant to Rule 12(b)(5) turns on the legal sufficiency of the service of process. The party making service has the burden of demonstrating its validity when an objection to service is made." *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Carimi v. Royal Carribean Cruise Line, Inc.*, 959 F.2d 1344, 1346 (5th Cir. 1992)); *see also Sandoval v. Am. Laser Skin Care, LLC*, 2015 WL 518801, at *7 (W.D. Tex. Feb. 2, 2015).

**B.** **Plaintiff served Bridgestone, not Azuga.**

Plaintiff filed suit against two separate legal entities, Bridgestone and Azuga, improperly referring to them collectively as "Bridgestone Americas, Inc. d/b/a Azuga, Inc."[2] The reference to Bridgestone "doing business as" Azuga is factually and legally incorrect. It is undisputed that Bridgestone and Azuga are separate legal entities and that Azuga is not a trade name for Bridgestone.[3] Plaintiff concedes that "Azuga is a corporation organized under the laws of the State

---

[2] [Doc. 1] Complaint, p. 1.
[3] Ex. A, Pierre Parent Declaration ("Parent Decl."), ¶¶ 3-12.

of Nevada" and that Bridgestone is "the parent company for Azuga...." [Doc. 1] Complaint, ¶ 2. While Plaintiff is incorrect about Azuga's place of incorporation (it is California, not Nevada),[4] its concession that they are separate entities is what matters here.[5]

Finally, Plaintiff implies that it may serve Azuga by serving Bridgestone and, in fact, served only Bridgestone through *Bridgestone's* registered agent for service of process in Texas.[6] Plaintiff cites no rule, statute, or other case authority that permits Plaintiff to serve a subsidiary by serving the parent. To the contrary, Rule 4(h) governs service of process on domestic corporations and does not authorize service in this manner. *See* Fed. R. Civ. P. 4(h). Because Plaintiff served only Bridgestone and not Azuga, the Court should either require Plaintiff to serve Azuga by a method authorized under the rules, or dismiss this case against Azuga for insufficient service of process.

## IV.
## ALTERNATIVE MOTION TO DISMISS UNDER 12(b)(3)

### A. Legal Standard

Alternatively, to preserve the resources of the Court and parties, Azuga will waive service for the limited purpose of dismissing this case pursuant to Rule 12(b)(3) without prejudice to provide Plaintiff an opportunity to refile the case in an appropriate venue. Pursuant to Rule 12(b)(3), a Defendant may file a motion challenging venue and ask the court to dismiss or transfer the lawsuit if a plaintiff files in a district that is improper under applicable venue statutes. *See Atlantic Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 134 S.Ct. 568, 577 (2013). A defendant may request dismissal where venue is improper in the district where the case is brought. Fed. R. Civ. P. 12(b)(3).

---

[4] *Id.* at ¶ 5.
[5] *See also* Ex. A, Parent Decl., ¶¶ 3-12.
[6] *See* [Doc. 1] Complaint, ¶ 2; [Doc. 6] Return of Service, p. 3.

The patent venue statute, 28 U.S.C. § 1400(b), is the "sole and exclusive provision controlling venue in patent infringement actions…." *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519, 197 L. Ed. 2d 816 (2017) (quotation omitted). Under § 1400(b) venue is proper only "in the district where the defendant resides, or where the defendant has committed acts of infringement <u>and has a regular and established place of business</u>." 28 U.S.C. § 1400(b) (emphasis added). The burden of proof is on the Plaintiff to establish venue is proper. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 924 (E.D. Tex. 2017).

## B. <u>Azuga does not have a regular and established place of business in this district.</u>

As a threshold issue, Plaintiff does not claim that Azuga resides in the Eastern District of Texas, nor could it. Azuga resides only in California for purposes of § 1400(b).[7] *TC Heartland*, 137 S.Ct. at 1519 (explaining the term "resides" in § 1400(b) refers only to the place of incorporation). Instead, Plaintiff asserts only one conclusory allegation that venue is proper here because Azuga "has committed acts of infringement and has a regular and established place of business in this District." [Doc. 1], Complaint, ¶ 5.[8]

Setting aside Plaintiff's conclusory allegation that Azuga "has committed acts of infringement" in this district, which is itself insufficient to establish venue here, Plaintiff has wholly failed to identify any "regular and established place of business" of Azuga in the Eastern District of Texas by name, address, or physical location. Nor does Azuga have any such place of business in this district. Azuga does not own, lease, or sublease any office space in this district, does not pay property taxes in this district, and does not sell, lease, or offer to sell or lease any products, much less the accused products, from any physical location in this district.[9] *See In re Cray Inc.*, 871 F.3d

---

[7] Ex. A, Parent Decl., ¶ 5.
[8] Plaintiff also cites 28 U.S.C. § 1391(b), the general venue provision. However, as previously stated, § 1400(b) is the exclusive venue provision for patent cases. Thus, no analysis of venue under § 1391 is necessary.
[9] Ex. A, Parent Decl., ¶ 13.

1355, 1362 (Fed. Cir. 2017) (Section 1400(b) "requires a place, i.e., a building or a part of a building set apart for any purpose or quarters of any kind from which business is conducted." (citations and quotations omitted)); *see also Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 933 (E.D. Tex. 2017) (finding former office space leased by Google in this district insufficient to establish a regular and established place of business). In short, Azuga has no place of business in this district, much less a "regular and established" one. Thus, dismissal is appropriate.

## V.
### CONCLUSION

For the reasons above, Azuga requests that the Court dismiss it from this case for insufficient service of process under Rule 12(b)(5) and/or for improper venue under Rule 12(b)(3). Azuga requests such other relief in law or in equity to which it may show itself justly entitled.

Respectfully submitted,

*/s/ Jeffrey S. Patterson*

**JEFFREY S. PATTERSON – Attorney in charge**
State Bar No. 15596700
jpatterson@hartlinebarger.com
**DREW M. THOMAS**
State Bar No. 24086841
dthomas@hartlinebarger.com
**MATT BROWER**
State Bar No. 24094563
mbrower@hartlinebarger.com
**HARTLINE BARGER LLP**
8750 North Central Expressway, Suite 1600
Dallas, Texas 75231
(214) 369-2100
(214) 369-2118 (fax)

**ATTORNEYS FOR DEFENDANT
AZUGA, INC.**

## **CERTIFICATE OF SERVICE**

      On the 19th day of August 2022, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Eastern District of Texas, using the electronic case filing system of the court. I hereby certify that I have served all parties pursuant to the Federal Rules of Civil Procedure.

                                  */s/ Jeffrey S. Patterson*