IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| HALEY IP LLC, <br>     Plaintiff, <br><br> v. <br><br> BRIDGESTONE AMERICAS, INC., <br> d/b/a AZUGA, INC. <br>     Defendant. | Civil Action No. 2:22-cv-00230-JRG-RSP <br><br> JURY TRIAL DEMANDED |

**RESPONSE TO DEFENDANT BRIDGESTONE AMERICA, INC.'S
12(b)(6) MOTION TO DISMISS**

## I.    INTRODUCTION

On June 24, 2022, HALEY IP LLC ("Haley" or "Plaintiff") sued BRIDGESTONE AMERICAS, INC., d/b/a AZUGA, Inc. for infringing claims of its U.S. Patent No. 10,204,261.[1] On August 19, 2022, AZUGA, INC. ("Azuga") filed a Motion to Dismiss BRIDGESTONE AMERICAS, INC. ("Bridgestone") from this Action for failure to state a claim upon which relief can be granted because Bridgestone and Azuga are two separate entities and only Azuga's products are alleged to infringe.[2] Azuga argues that allegations of patent infringement against Azuga are insufficient to state a claim against Bridgestone because Bridgestone exercises no control over Azuga with respect to the technologies and products at issue in this lawsuit. Haley opposes the Motion to Dismiss.

---

[1] Doc. No. 1.
[2] Doc. No. 11.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes a court to dismiss a complaint if the complaint "fail[s] to state a claim upon which relief can be granted." The question resolved on a motion to dismiss for a failure to state a claim is not whether the plaintiff will ultimately prevail, "but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner v Switzer,* 562 U.S. 521, 530, 131 S.Ct. 1289, 179 L.Ed.2d 233 (2011). When considering a motion to dismiss under Rule 12(b)(6), a court "accept[s] all well-pleaded facts as true, and view[s] those facts in the light most favorable to the plaintiff." *Bustos v Martini Club, Inc.,* 599 F.3d 458, 461 (5th Cir. 2010). (*See, Script Security Solutions, LLC* v *Amazon, Inc.*, 170 F. Supp.3d 928 (E.D. Texas 2016)).

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan 20, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). Plaintiff is not required to provide evidence of infringement at the pleading stage beyond "stat[ing] a claim to relief that is plausible on its face." *Id.* "Courts will not dismiss a claim unless the plaintiff 'would not be entitled to relief under any set of facts or any possible theory that it could prove consistent with the allegations in the complaint.'" *Id.* (quoting *Slyce Acquisition, Inc. v. Syte – Visual Conception, Ltd.*, 422 F. Supp. 3d 1191, 1198 (W.D. Tex. 2019)). Based upon the assumption that all the allegations in the complaint are true, the factual allegations must be enough to raise a right to relief above the

speculative level. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). When the nonmovant pleads factual content that allows the court to reasonably infer that the movant is liable for the alleged misconduct, then the claim is plausible on its face. *Iqbal*, 556 U.S. at 678.

The plausibility standard "does not give district courts license to look behind [a complaint's] allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.,* 634 F.3d 787, 803 n. 44 (5th Cir.2011)). Under Rule 8(a)(2) of the Federal Rules of Civil Procedure, a plaintiff is generally required to provide "only a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of [the plaintiff's] legal argument." *Skinner,* 562 U.S. at 530, 131 S.Ct. 1289. The "short and plain" statement does "not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.,* 135 S.Ct. 346, 346, 190 L.Ed.2d 309 (2014) (citing 5 C. Wright & A. Miller, § 1215, p. 172 (3d ed. 2002)) (Rule 8(a)(2)) "indicates that a basic objective of the rules is to avoid civil cases turning on technicalities")). *Script Sec. Sols.,* 170 F. Supp. 3d 928, 936.

A patent grants to the patentee "the right to exclude others from making, using, offering for sale, or selling the invention throughout the United States." 35 U.S.C. § 154(a)(1). Thus, "whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States ... during the term of the patent therefor, infringes the patent." 35 U.S.C. § 271(a). To state a claim for patent infringement under 35 U.S.C. § 271, a plaintiff need only give the defendant "fair notice" of the infringement claim and "the grounds upon which it rests." *Disc Disease Sols. Inc. v. VGH Sols., Inc.*, 888 F.3d 1256, 1260 (Fed. Cir. 2018). "Fair notice," in turn, requires the plaintiff to plausibly allege that the accused products meet "each and every element of at least one claim" of the asserted patent. *Disc Disease*, 888 F.3d at 1260, *Qwikcash, LLC v.*

*Blackhawk Network Holdings, Inc.,* No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *3 (E.D. Tex. Nov. 17, 2020) (*See, also*, *Hunton Energy Holdings, LLC v. HL Seawater Holdings, LLC,* 539 F. Supp. 3d 685, 694 (S.D. Tex. 2021), a defendant has fair notice of a direct infringement claim if the complaint specifically identifies the allegedly infringing product and the patent the product infringes.)

### III.  ARGUMENT

Azuga argues that Plaintiff improperly refers to Bridgestone and Azuga as "Bridgestone Americas, Inc. d/b/a Azuga, Inc." because Bridgeston and Azuga are two separate legal entities.[3] Haley notes, as shown below, that Bridgestone's website refers to Azuga as its "Bridgestone Fleet Solutions."



[4]

---

[3] Doc. No. 11; Section III. B.
[4] https://www.bridgestoneamericas.com/en/company/businesses/solutions/bridgestone-fleet-solutions

This same website page has a link "Azuga" that takes the viewer directly to Azuga's website where an infringing device "Safety Cam" is advertised.



Azuga arges that "Plaintiff asserts infringement solely against Azuga based on camera systems allegedly offered for sale, sold, and manufactured by Azuga alone, not Bridgestone."[6] However, Azuga fails to acknowledge that Bridgestone advertises that Azuga is its "Bridgestone Fleet Solutions" and that Bridgestone provides links on its own website to advertisements of infringing devices.

Azuga argues that Bridestone passibely owns stock of Azuga and that they operate completely independently from one another.[7] However, it is clear from Bridgestone's website that Bridgestone at least assists Azuga with advertising infringing products.

Furthermore, despite the protection offered through the creation of separate corporate entities, infringement liability may extend to both the parent and subsidiary under the theories of induced infringement or contributory infringement, even if the subsidiary is the primary participant in the alleged infringing acts. See *Akoloutheo, L.L.C. v. System Soft Technologies, Inc.*, No. 4:20-cv-985, 2021 WL 1947343 (E.D. Tx. May 14, 2021).

---

[5] https://www.azuga.com/
[6] Doc. No. 11, Section III. B.
[7] Id.

For at least the foregoing reasons, Bridegestone is an appropriate Defendant in this case and the Motion to Dismiss should be denied. In the Alternative, if the Court grant's the Motion to Dismiss, Haley respectfully requests leave to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, Haley respectfully requests that the Court deny the Motion to Dismiss in its entirety.

Respectfully submitted,

**Ramey LLP**

_____
William P. Ramey, III
Texas State Bar No. 24027643
5020 Montrose Blvd., Suite 800
Houston, Texas 77006
(713) 426-3923 (telephone)
(832) 900-4941 (fax)
wramey@rameyfirm.com

***Attorneys for Haley IP LLC***

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and LR5, I hereby certify that all counsel of record who have appeared in this case are being served on this day of September 23, 2022, with a copy of the foregoing via email and ECF filing.

*/s/ William P. Ramey, III*
William P. Ramey, III